# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

August 8, 2014

The Honorable Robert F. Deuell, M.D.
Chair, Committee on Economic Development
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-1074

Re: Whether Texas Triple Chance, a game proposed by the Lottery Commission, violates the Texas Constitution (RQ-1185-GA)

Dear Senator Deuell:

You ask whether a new game, Texas Triple Chance, created by the Texas Lottery Commission (the "Commission") violates the Texas Constitution.[1] Article III, subsection 47(e) of the Texas Constitution provides that "[t]he Legislature by general law may authorize the State to operate lotteries." TEX. CONST. art. III, § 47(e). Pursuant to this authority, the Legislature has enacted chapter 466 of the Government Code, titled the State Lottery Act ("the Act"). TEX. GOV'T CODE ANN. § 466.001 (West 2012); see generally id. §§ 466.002–.453 (West 2012 & Supp. 2013). Under section 466.015 of the Act, the Commission "may adopt rules governing the establishment and operation of the lottery, including rules governing . . . the type of lottery games to be conducted." Id. § 466.015(c)(1) (West 2012).

Pursuant to its rulemaking authority, the Commission has adopted a new administrative rule explaining the game design, operation, and prize structure for Texas Triple Chance. See 16 TEX. ADMIN. CODE § 401.322 (West 2014) (Tex. Lottery Comm'n). For each $2 play, "the player gets three sets of 7 numbers, or three Chances to win." Id. § 401.322(d), (e)(2). Each set is selected from a field of 55 (numbered 1-55)." Id. § 401.322(d). Drawings for Texas Triple Chance will be held daily, Monday through Saturday, at which time "[t]en (10) different numbers from 1 through 55 shall be drawn." Id. § 401.322(f)(1)–(2). "If the player matches all 7 numbers in any one chance to the numbers drawn in the drawing, the player wins the top prize" of $100,000, subject to certain exceptions.[2] Id. § 401.322(d), (h)(1)(A). If a player matches 6 numbers in any one chance to the numbers drawn in the drawing, the player wins $500, and

---

[1] Letter from Senator Robert F. Deuell, M.D., Chair, Comm. on Econ. Dev., to Honorable Greg Abbott, Tex. Att'y Gen. (Feb. 10, 2014), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2] "[I]n any drawing where the number of top prize-winning Chances is greater than ten (10), the top prize shall be paid on a pari-mutuel rather than fixed prize basis and a liability cap of $1 million will be divided equally by the number of top prize-winning Chances." 16 TEX. ADMIN. CODE § 401.322(h)(1)(A) (West 2014).

smaller prizes exist for a match of 5, 4 or 3 numbers. *Id.* § 401.322(h)(1)(A) (table). In describing Texas Triple Chance, you state that the game "contains a preset prize amount" and that "[i]n the event there is not a jackpot winner, the Texas Lottery will retain the jackpot prize money." Request Letter at 1. Based on these aspects of the game, you question whether it "qualifies as a 'lottery' under the guidelines set by the Texas Constitution." *Id.*

In reviewing the constitutionality of an administrative rule, courts begin with the presumption that the rule is constitutional. *See Tex. Liquor Control Bd. v. Attic Club, Inc.*, 457 S.W.2d 41, 45 (Tex. 1970) (explaining that statutes are presumed constitutional and that agency rules should be reviewed under the same principles as statutes). The Texas Constitution does not define the term "lottery," but the term is defined in the Act to mean "the procedures operated by the state under [chapter 466 of the Government Code] through which prizes are awarded or distributed by chance among persons who have paid, or unconditionally agreed to pay, for a chance or other opportunity to receive a prize." TEX. GOV'T CODE ANN. § 466.002(5) (West 2012). This legislative definition of lottery is in accord with the Texas Supreme Court's articulation of the three elements necessary to constitute a lottery: "[1] the offering of a prize, [2] the award of the prize by chance, and [3] the giving of a consideration for an opportunity to win the prize." *City of Wink v. Griffith Amusement Co.*, 100 S.W.2d 695, 701 (Tex. 1936). We will therefore analyze the Texas Triple Chance game in light of these elements. The Commission offers prizes for the game in the amount of $100,000, $500, $25, $5 or $2, depending on the number of correct number matches in a given play. 16 TEX. ADMIN. CODE § 401.322(h)(1)(A) (West 2014) (table). The award of the prize is contingent on matching a set of numbers to those drawn, which is decided by chance. *Id.* Each play requires $2 in consideration for an opportunity to win a prize. *Id.* § 401.322(e)(2). The Texas Triple Chance game therefore satisfies the three elements required to qualify as a lottery under Texas law.

The Commission is charged with administering the provisions of the State Lottery Act. TEX. GOV'T CODE ANN. § 466.015(a) (West 2012). The Legislature has given the Commission broad discretion to adopt rules governing the establishment and operation of the lottery so long as such rules do not conflict with state or federal law. *Id.* § 466.015(c). With regard to your stated concerns about the game, we find nothing in the Texas Constitution or the Act that prohibits the Commission from offering a preset prize amount regardless of the number of tickets purchased. Nor does the Texas Constitution or the Act require the Commission to carry forward any unpaid prize money to be awarded to an eventual winner.[3] If room for policy determinations exists in a statute, courts normally defer to the agency's interpretation unless it is plainly erroneous or inconsistent with the statute, regulation, or rule. *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 438 (Tex. 2011). The lack of legislative directive on how lottery prizes are to be awarded suggests that the Legislature has given the Commission discretion to make

---

[3]Multiple games currently offered through the Commission also involve preset prize amounts with the possibility of no jackpot winner. *See, e.g., id.* §§ 401.307 ("'Pick 3' On-Line Game Rule"), .316 ("'Daily 4' On-Line Game Rule"), .320 ("'All or Nothing' On-Line Game Rule").

those policy determinations. Thus, a court is unlikely to conclude that the Commission's Texas Triple Chance game is unconstitutional merely because it awards a preset prize amount regardless of the number of tickets purchased or because it does not carry forward any unpaid prize money to be awarded to an eventual winner.

## S U M M A R Y

A court is unlikely to conclude that the Texas Lottery Commission's Texas Triple Chance game is unconstitutional merely because it awards a preset prize amount regardless of the number of tickets purchased or because it does not carry forward any unpaid prize money to be awarded to an eventual winner.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee